UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CANTRELL JAMES,<br><br>            Plaintiff,<br><br>      v.<br><br>FORT WAYNE POLICE DEPARTMENT,<br>et al.,<br><br>            Defendants. | CAUSE NO. 1:25-CV-625-PPS-JEM |

OPINION AND ORDER

Cantrell James, a prisoner without a lawyer, filed a vague complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

James says he is suing about something that was filmed by an officer's body camera on November 6, 2024, but he does not say what. He is suing five Fort Wayne Police Officers – presumably because of what was filmed on the body camera – but it is unclear what he is alleging any of them did. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

James also sues the Fort Wayne Police Department, but it is not a suable entity. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (concluding municipal police departments in Indiana are not a suable entity). Therefore it will be dismissed.

This complaint does not state a claim for which relief can be granted. If James believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

(7th Cir. 2018). To file an amended complaint, he needs use the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form the clerk sent with this order.

For these reasons, the court:

(1) DISMISSES the Fort Wayne Police Department;

(2) DIRECTS the clerk to send Cantrell James a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form with this cause number and the word "Amended" added above the title;

(3) GRANTS Cantrell James until **January 5, 2026**, to file an amended complaint on that form; and

(4) CAUTIONS Cantrell James if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 1, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT