UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CANTRELL JAMES,

    Plaintiff,

       v.

NICHOLAS MCCURDY, GALE
STELZER, TYLER HAYWOOD, ZACH
EASTBURN, and THEODORE
SCHROEDER,

    Defendants.

CAUSE NO. 1:25-CV-625-PPS-JEM

<u>OPINION AND ORDER</u>

Cantrell James, a prisoner without a lawyer, filed an amended complaint naming five Fort Wayne police officers as defendants. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

When I screened his first complaint, I told him his allegations were too vague. ECF 4. I explained:

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

1

> the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

*Id*. at 1-2.

His amended complaint has only one paragraph explaining his Claims and Facts. In it, James describes how the five defendant police officers used force against him on November 6, 2024. It appears he is attempting to allege they used excessive force – presumably while arresting him (though he does not say that). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). This complaint provides no information about what else was happening before and during these uses of force. There are many legitimate reasons why a police officer can use force. Without more facts about what happened, it is mere speculation to infer that the officers' actions were objectively unreasonable.

I have already given James one opportunity to clarify his claims. ECF 4. I could dismiss this case now based on his vague amended complaint. But his allegations are

serious and maybe with one more chance, he can explain what was going on so it is plausible to infer that he was subjected to an excessive use of force.

For these reasons, the court:

(1) DIRECTS the clerk to send James Cantrell a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form with this cause number and the words "Second Amended" added above the title;

(2) GRANTS James Cantrell until **June 30, 2026**, to file a second amended complaint on that form; and

(3) CAUTIONS James Cantrell if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the amended complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: May 20, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT