UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CANTRELL JAMES,

    Plaintiff,

        v.                        CAUSE NO. 1:25-CV-625-PPS-JEM

NICHOLAS MCCURDY, et al.,

OPINION AND ORDER

Cantrell James, a prisoner without a lawyer, filed a second amended complaint alleging that the defendants used excessive force against him when they arrested him. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his second amended complaint, James asserts that, on November 6, 2024, he engaged Fort Wayne police officers in a high speed car chase which culminated in his running behind a house on Werling Drive and being tackled by Officer Theodore Schroeder. ECF 10 at 3. James asserts Officer Schroeder put his arm around his neck, forcibly held him down using his body, and pressed his firearm into his back. *Id*. He

alleges that, while he was on the ground not moving, Detective Nicholas McCurdy walked up and fired his taser at his leg. *Id*.

James next avers that Detective McCurdy, Officer Gale Stelzer, and Officer Tyler Haywood punched and kneed him in his back, sides, and right arm. *Id*. Detective Zach Eastburn also sprayed James in the face with OC spray and then kicked him in his left side. *Id*. He asserts the video of the incident shows him getting punched, kneed, kicked, and choked. *Id*. James states that he does not know why the officers assaulted him when he was not resisting or moving while he was on the ground. *Id*. at 3-4.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene . . . .'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). In analyzing these claims, the court must "consider the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight." *Bayon v. Berkebile*, 29 F.4th 850, 854 (7th Cir. 2022) (cleaned up). Even the use of deadly force may be reasonable if an officer has probable cause to believe the suspect is armed and poses a threat of physical harm or is about to escape. *See Siler v. City of*

2

*Kenosha*, 957 F.3d 751, 759 (7th Cir. 2020). The perspective as viewed from a reasonable

officer on the scene is critical. *Id.*

> [A] court must consider the amount and quality of the information known to the officer at the time. In seeking to understand the perspective of the officer on the scene, we must consider: the information known to the officer at the time of the encounter; the duration of the encounter; the level of duress involved; and the need to make split-second decisions under intense, dangerous, uncertain, and rapidly changing circumstances. Law enforcement officers on the scene do not have the luxury of knowing the facts as they are known to us, with all the benefit of hindsight, discovery, and careful analysis. Officers must act reasonably based on the information they have. We must always keep in mind that encounters in the field require officers to make split-second decisions of enormous consequence. If a reasonable officer in [the defendant's] shoes would have believed that [the plaintiff] posed an imminent threat of serious physical harm, or that he had committed a crime involving serious physical harm and was about to escape, the Officer's use of force was reasonable.

*Id.* (cleaned up).

Here, James has provided few details regarding the November 6, 2024 arrest.[1]

Although his allegations are sparse, and additional fact-finding could reveal the

officers' actions were reasonable based on the circumstances that unfolded, giving

James the benefit of the inferences to which he is entitled at this stage, he may proceed

on Fourth Amendment excessive force claims against Officer Schroeder, Detective

McCurdy, Officer Stelzer, Officer Haywood, and Detective Eastburn.

For these reasons, the court:

---

[1] James's complaint and amended complaints were sparse on details and vague. ECF 4, 9. While his second amended complaint does not contain many more details, he has alleged enough to proceed past the pleading stage.

(1) GRANTS Cantrell James leave to proceed against Officer Theodore Schroeder, Detective Nicholas McCurdy, Officer Gale Stelzer, Officer Tyler Haywood, and Detective Zach Eastburn in their individual capacities for compensatory and punitive damages for using excessive force against James on November 6, 2024, when they arrested him, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Theodore Schroeder, Detective Nicholas McCurdy, Officer Gale Stelzer, Officer Tyler Haywood, and Detective Zach Eastburn at Fort Wayne Police Department, with a copy of this order and the second amended complaint (ECF 10);

(4) ORDERS Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Theodore Schroeder, Detective Nicholas McCurdy, Officer Gale Stelzer, Officer Tyler Haywood, and Detective Zach Eastburn to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: July 20, 2026.

4

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT